# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | I.D. No. 2204004039 |
| | ) | |
| Harold D. Warrington, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION FOR POSTCONVICTION RELIEF

Submitted: November 15, 2023
Decided: January 8, 2024

*Upon Consideration of Motion for Postconviction Relief,*
**DENIED.**

*Upon Consideration of Motion for Appointment of Counsel,*
**DENIED.**

Angelica Endres, Esquire, Deputy Attorney General, Department of Justice, Georgetown, Delaware, *Attorney for the State of Delaware.*

Harold D. Warrington, Sussex Correctional Institution, Georgetown, Delaware, *Pro Se*.

**CONNER, J.**

**FACTUAL AND PROCEDURAL BACKGROUND**

1)      This is the Court's decision on a *Pro Se* motion for postconviction relief pursuant to Superior Court Criminal Rule 61 filed by Defendant Harold Warrington ("Mr. Warrington").  On April 8th, 2022, Mr. Warrington was arrested for Driving Under the Influence, Disregarding a Police Officer Signal, Driving with a Suspended or Revoked License, Failure to Remain Within a Single Lane, and Failure to Stop at a Red Light.  Pursuant to a plea agreement Mr. Warrington plead guilty on November 9th, 2022 to one count of Driving Under the Influence which constituted a seventh offense and all other charges were *nolle prossed*.  On January 13th, 2023, following a pre-sentence investigation this Court sentenced Mr. Warrington to 15 years Level V incarceration with credit for 281 days served, suspended after five years for decreasing levels of supervision.  This Court also ordered Mr. Warrington to complete a treatment program during his Level V sentence and be subject to alcohol monitoring upon his reentry into the community.

2)      On July 27th, 2023, the Supreme Court of the State of Delaware affirmed the judgment of the Superior Court, concluding that "[Mr.] Warrington's appeal is wholly without merit and devoid of any arguably appealable issue."[1]

---

[1] *Warrington v. State*, 2023 WL 4828412 (Del. Supr.).

3)     On September 15th, 2023, Mr. Warrington filed a timely Rule 61 Motion for Postconviction Relief through which he seeks relief on three grounds; newly discovered evidence, ineffective assistance of counsel, and insufficient evidence. Mr. Warrington also noted in his initial Rule 61 filing that he requests the appointment of new counsel to represent him through his postconviction appeals process.

## DISCUSSION

4)     Before assessing Mr. Warrington's claims for relief the Court must address the four procedural bars to relief under Rule 61.  First, "[a] motion for postconviction relief may not be filed more than one year after the judgment of conviction is final,"[2]  In this case, Mr. Warrington's conviction became final on July 27th, 2023, when the Delaware Supreme Court affirmed the Superior Court's conviction.  Mr. Warrington filed his *Pro Se* Rule 61 motion on September 15th, 2023, well within the one-year period.  Therefore, the motion is not barred by the one-year limitation.

5)     Second, "[n]o second or subsequent motion is permitted under this Rule unless that second or subsequent motion satisfies" certain requirements.[3]  As this is

---

[2] Super. Ct. Crim. R. 61(i)(1).
[3] Super. Ct. Crim. R. 61(i)(2).

Mr. Warrington's first motion for postconviction relief, the motion is not barred by this provision.

6) Third, grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred unless the movant shows both "(A) Cause for relief from the procedural default and (B) Prejudice from violation of the movant's rights."[4] Mr. Warrington accepted a plea deal from the State, therefore no proceedings lead to the judgment of conviction and this motion is not barred by this provision.

7) Finally, "[a]ny ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred."[5] Mr. Warrington accepted a plea deal from the State to forego a trial, therefore no issues raised in this motion were adjudicated at the trial court. Mr. Warrington did not raise any issues he wished the Delaware Supreme Court to consider on appeal. The Supreme Court found the record "so totally devoid of at least arguably appealable issues" that it could decide the appeal without an adversary presentation from Mr. Warrington.[6] This motion is not barred by this provision because no issues have been adjudicated.

---

[4] Super. Ct. Crim. R. 61(i)(3).
[5] Super. Ct. Crim. R. 61(i)(4).
[6] *Warrington*, 2023 WL 4828412.

8)     Mr. Warrington's first ground for postconviction relief is newly discovered evidence.  In his initial motion for postconviction relief Mr. Warrington claims that "medical science will prove to this court that diabetic[s] can give false blood alcohol readings."[7]  Mr. Warrington's medical records were provided to his Defense Counsel, Stephen E. Smith ("Mr. Smith"), through discovery on June 3rd, 2023, and include a diagnosis of Type 2 Diabetes.  Therefore, Mr. Warrington's diabetes diagnosis is not newly discovered information.  Further, Mr. Warrington's claim that diabetics can give inaccurate blood alcohol readings, even if backed by medical science, is also not newly discovered evidence.  Subsequently, in his reply brief to the State's Response, Mr. Warrington claims that if he were to be tested for hypoglycemia or ketoacidosis, he would test positive.  Mr. Warrington further contends that "this exculpatory information is in fact newly discovered evidence in this case."[8]  An assumption that one may have a medical condition is just that, an assumption, not newly discovered evidence.

9)     Mr. Warrington's second ground for postconviction relief is ineffective assistance of counsel.[9]  Delaware Courts assess ineffective assistance of counsel claims under the two-part standard established in *Strickland v. Washington*.[10]  Under

---

[7] Petition for Postconviction Relief at 3.
[8] Def. Answer to State's Resp. to Mot. for Postconviction Relief at 2.
[9] *Albury v. State*, 551 A.2d 53, 58 (Del. 1988).
[10] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

5

*Strickland*, Mr. Warrington must prove that his defense counsel (1) "fell below an objective standard of reasonableness", and (2) the "deficient performance prejudiced [his] defense."[11] Strickland requires this Court to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[12] Mr. Warrington alleges that his trial counsel did not review police reports or otherwise investigate his case. He further alleges that his trial counsel made promises about plea agreements and failed to properly advise him. Mr. Warrington's conclusory allegations fail to show that Mr. Smith's representation fell below an objective standard of reasonableness. First, Mr. Smith affirms that he reviewed all of the evidence and reports in this case. Secondly, from the record it is clear that Mr. Smith did in fact thoroughly review the police reports and other documents related to this matter. This is demonstrated by Mr. Smith's ability to negotiate for all but one of Mr. Warrington's charges to be *nolle prossed*. Further, both the Truth in Sentencing Guilty-Plea Form and Plea Colloquy Transcript demonstrate that Mr. Smith sufficiently made Mr. Warrington aware of not only the rights he was sacrificing by foregoing trial, but that this Court was not bound to follow the terms of plea agreement. Lastly Mr. Warrington Stated that he was satisfied with Mr. Smith's representation during the plea colloquy.[13] Mr. Warrington

---

[11] *Id.*
[12] *Id.* at 689.
[13] Plea Colloquy Tr. at 8.

has failed to demonstrate that Mr. Smith's representation fell below an objective standard of reasonableness.

10) Mr. Warrington's third ground for postconviction relief is that there was not sufficient evidence to convict him because he "did not have the type of control necessary for a violation of the applicable drunk driving statute, in fact, the defendant was not exercising the requisite control that is required by the statute."[14] In his two subsequent briefs supporting his initial motion Mr. Warrington does not clarify what this claim is asserting. However, the police reports clearly reveal that Mr. Warrington was in fact in control of his vehicle on April 8th. The arresting officer witnessed Mr. Warrington operating the vehicle and removed him from the driver's seat at the time he was taken into custody. Additionally, during the plea colloquy, Mr. Warrington admitted to operating a motor vehicle while under the influence on Wilkins Road.[15] Therefore, Mr. Warrington's motion for postconviction relief is **DENIED.**

11) Finally, Mr. Warrington requested this Court appoint Counsel to represent him through this Rule 61 process and assist him in amending his submission to the Court. Pursuant to Rule 61(e)(3)(ii) this Court may appoint counsel for an indigent movants first timely postconviction motion if, among other

---

[14] Petition for Postconviction Relief at 3.
[15] Plea Colloquy Tr. at 8.

7

things "the motion sets forth a substantial claim that the movant received ineffective assistance of counsel in relation to the plea of guilty or *nolo contendere*;"[16] Seeing that this motion failed to set forth such a substantial claim of ineffective assistance of counsel in relation to his guilty plea this Court need not consider the other elements of Rule 61(e)(3). Mr. Warrington is not entitled to appointed counsel and therefore his request is **DENIED**.

        **IT IS SO ORDERED.**

/s/ *Mark H. Conner*

Mark H. Conner, Judge

cc: Prothonotary

---

[16] Super. Ct. Crim. R. 61(e)(3)(ii).